**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

IN RE:                                                             CASE NO. 17-01360-5-DMW

**AUBREY L. MEADE,**                                    Chapter 11
        **Debtor-in-Possession**

**PLAN OF REORGANIZATION BY DEBTOR**

      The Debtor in the above captioned Chapter 11 case hereby proposes the following Plan of Reorganization.

ARTICLE I
DEFINITIONS

For the purposes of the Plan the following definitions shall apply:

      1.     "Code" shall mean Title 11 of the United States Code as amended.

      2.     "Court" shall mean the United States Bankruptcy Court for the Eastern District of North Carolina in which this case is pending.

      3.     "Creditors" shall mean all creditors of the Debtor holding claims for debts, liabilities, demands or claims of any character whatsoever.

      4.     "Confirmation of the Plan" shall mean the entry by the Court of an order confirming the Plan in accordance with Chapter 11.

      5.     "Debtor" shall mean Aubrey Meade, the individual listed in the caption of the Plan.

      6.     "Effective Date" shall be 30 days after the confirmation order becomes final and non-appealable.

      7.     "General Unsecured Creditors" shall mean all allowed claims held by creditors of the Debtor, other than Secured Claims or Priority Claims, and shall include claims of secured creditors to the extent that the same are unsecured in part and claims arising out of the rejection of executory contracts or unexpired leases.

      8.     "Lien" shall mean a mortgage, pledge, judgment lien, security interest, charging order, or other charge or encumbrance on the Debtor' property effective under the applicable law as of the date of the Debtor' petition.

9. "Non-classified Claims" shall mean claims arising under Section 507 (a)(2), 507 (a)(3), or 507 (a)(8) which are restricted from classification pursuant to Section 1123(a)(1).

10. "Petition Date" shall mean the date on which the Chapter 11 petition was filed, 20 March 2017.

11. "Priority Claim" shall mean the claim of an unsecured creditor entitled to priority under Section 507 **excluding** claims entitled to priority under Section 507(a)(8).

12. "Plan" shall mean this Plan of Reorganization in its present form or as it may be amended or supplemented.

13. "Section" as used in this Plan, unless otherwise noted, shall refer to that section of Title 11 of the United States Code.

14. "Secured Claim" shall mean all claims secured by liens on the property of the Debtor, which liens are valid, perfected and enforceable under applicable law and are not subject to avoidance under the Bankruptcy Code or other applicable nonbankruptcy law and are duly established in this case.

## ARTICLE II
## GENERAL PROVISIONS

The following general provisions apply to this Plan:

1. Claims: Various claims are defined in this Plan.  The Plan is intended to deal with all claims against the Debtor of whatever character, whether or not contingent or liquidated and whether or not allowed by the Code pursuant to Section 502(a).

2. Preserved Liens: To the extent required under Section 1124(2) of the Code to preserve the rights of a secured creditor, the lien or encumbrance of that creditor shall, to the extent valid, be preserved or will otherwise be satisfied by cash payment to the extent of the value of the secured property or amount of secured debt, which is less.

3. Time for Filing Claims: All creditors whose claims are scheduled as disputed or unliquidated in the Debtor's schedules must file such claims by the bar date established by the Court, 26 July 2017, in order to be treated under the Plan.  However, the Debtor and all other parties in interest shall have 90 days after the Effective Date to object to said claims.

4. Modification of the Plan: This Plan may be modified upon any application by the Debtor or corrected prior to Confirmation without notice and hearing and without additional disclosure pursuant to Section 1125 of the Code, subject to a determination at the time of Confirmation by the Court that such modification or correction does not materially or adversely affect any creditor or class or creditors.  After confirmation of the Plan, the Debtor may, upon approval of the Court, remedy any defect or omission, or reconcile any inconsistencies in the

Plan or in the Confirmation Order is such manner as may be necessary to carry out the purpose and effect of this Plan without further notice and hearing. However, to the extent the Court deems necessary, the Debtor may be required to grant affected creditors notice and opportunity to be heard on such modifications.

## ARTICLE III
## DIVISIONS OF CLAIMS AND INTERESTS

Class 1: All allowed Priority Claims;
Class 2: Secured Claim of MTGLQ Investors, L.P. - 3709/3711 Lee Road;
Class 3: Secured Claim of Bosco Credit II Trust Series - 518 Shawnee Drive;
Class 4: Secured Claim of Bosco Credit II Trust Series - 238 Shawnee Drive;
Class 5: Secured Claim of US Bank National Association - 480 Shawnee Drive;
Class 6: Junior Secured Claim of Specialized Loan Servicing, LLC **-** 134 Horseman Drive;
Class 7: Secured Claim of Wilmington Savings Fund Society - 15 Vineyard Drive;
Class 8: Secured Claim of MTGLQ Investors LP - 52 Vineyard Drive;
Class 9: Secured Claim of CSMC **-** 150 Nashua Drive;
Class 10: Secured Claim of Ditech Financial LLC - 1411 Flatrock Church Road;
Class 11: Secured Claim of Structured Asset Securities - 614 Shawnee Drive
Class 12: Senior Secured Claim of CSMC - 134 Horseman Drive;
Class 13: Secured Claim of CSMC - 474 Shawnee Drive;
Class 14: Secured Claim of LSF9 Master Participation Trust - 1257 MC Wilder Road;
Class 15: Secured Claim of JP Morgan Chase Bank - 208 Choctaw Drive;
Class 16: Secured Claim of Deutsche Alt-B Securities - 104 Blackfoot Drive;
Class 17: Disputed Claims and Liens;
Class 18: 1122(B) Claimants;
Class 19: All General Unsecured Claims irrespective of amount; and
Non-classified Claims.

Class 1 is unimpaired. Classes 2-19 are impaired.

## ARTICLE IV
## TREATMENT OF CLASSES AND CLAIMS

1.      Class 1 is unimpaired. All Class 1 Creditors will be paid the cash value of their allowed claim in full through quarterly payments beginning on the last day of the quarter after the Effective Date and continuing until the 4th Quarter of 2017. However, to the extent is does not impact the payment to other creditors, the Debtor may pay these claims in full at any time during the repayment period.

2.      Class 2 is impaired. This class consists of a note secured by a first deed of trust against the Debtor's real property located at 3709/3711 Lee Road in favor of **MTGLQ Investors, L.P.** MTGLQ has filed its proof of claim in the amount of $104,300.32 (Claim No. 4).

The Debtor believes the value of this property to be approximately $60,000. The Debtor will engage a valuation expert to determine the value of this creditor's secured claim.

Also, although the Debtor has requested a full payment history from the holder and the previous lender, none has been produced. Therefore, the Debtor will request such documents under Rule 2004 to verify the principal balance due this lender.

The Plan shall provide the following treatment for this allowed claim. Upon determination of the final principal amount, Class 2's secured claim will be repaid over **30 years at 3.5% interest** per annum through equal monthly payments on the 10th of each month beginning on the 1st month following the Effective Date. The Debtor shall also be required to keep taxes and insurance current on the property. The creditor and the Debtor will enter into new loan documents to evidence this claim.

      3.      Class 3 is impaired. This class consists of a note secured by a first deed of trust against the Debtor's real property located at 518 Shawnee Drive in favor of **Deutsche Bank National Trust Company, as Certificate Trustee on behalf of Bosco Credit II Trust Series 2010-1**. Bosco has filed its proof of claim in the amount of $27,040.06 (Claim No. 5).

However, the Debtor has questions regarding the chain of title from Greenpoint Mortgage Funding, Inc. Also, although the Debtor has requested a full payment history from the holder and the previous lender, none has been produced. Therefore, the Debtor will request such documents under Rule 2004 to verify the principal balance due this lender.

The Debtor believes the value of this property to be approximately $60,000. Therefore, subject to the information from the Rule 2004 exam, Class 3's secured claim would be treated as **fully secured.**

The Plan shall provide the following treatment for this allowed claim. Upon determination of the final principal amount, Class 3's secured claim will be repaid over **30 years at 3.5% interest** per annum through equal monthly payments on the 10th of each month beginning on the 1st month following the Effective Date. The Debtor shall also be required to keep taxes and insurance current on the property. The creditor and the Debtor will enter into new loan documents to evidence this claim.

      4.      Class 4 is impaired. This class consists of a note secured by a first deed of trust against the Debtor's real property located at 238 Shawnee Drive in favor of **Deutsche Bank National Trust Company, as Certificate Trustee on behalf of Bosco Credit II Trust Series 2010-1**. Bosco has filed its proof of claim in the amount of $27,040.06 (Claim No. 6).

However, other than the address of the property, all the other items in the proof of claim, including the balance, are the same as 518 Shawnee Drive. Therefore, the Debtor shall object to the claim and the lien of Bosco on 238 Shawnee Drive.

      5.      Class 5 is impaired. This class consists of a note secured by a first deed of trust

against the Debtor's real property located at 480 Shawnee Drive in favor of **US Bank National Association**.  US Bank has filed its proof of claim in the amount of $95,118.93.

However, the Debtor disputes whether US Bank is the holder of this obligation as well as the amount of the claim.  Therefore, the Debtor will file an adversary proceeding to determine the validity of this claim and the amount.

To the extent the Debtor is successful, US Bank, or the holder of the Note, shall have an unsecured claim and the treatment of this claim shall be addressed in Class 19.

To the extent US Bank prevails in the litigation, the allowed claim shall be treated as secured claim under the Plan.  Upon determination of the final principal amount,  Class 5's secured claim will be repaid over **30 years at 3.5% interest** per annum through equal monthly payments on the 10th of each month beginning on the 1st month following the Effective Date.  The Debtor shall also be required to keep taxes and insurance current on the property.  The creditor and the Debtor will enter into new loan documents to evidence this claim.

      6.    Class 6 is impaired.  This class consists of a note secured by a second deed of trust against the Debtor's real property located at 134 Horseman Drive in favor of **Specialized Loan Servicing, LLC**.  Specialized has filed a proof of claim in the amount of $13,736.29 (Claim no. 8).

The Debtor values this property at $67,000.00 and this claim is impaired by a senior lien (Class 12).  However, the Debtor is challenging this senior lien.  To the extent the Class 12 lien is set aside, this class' lien shall be fully secured.  To the extent the Class 12 lien is allowed, this class' claim and lien shall be determined under Section 506(a).

The Plan shall provide the following treatment for this allowed claim.  Upon determination of the final principal amount,  Class 6's secured claim will be repaid over **30 years at 3.5% interest** per annum through equal monthly payments on the 10th of each month beginning on the 1st month following the Effective Date.  The Debtor shall also be required to keep taxes and insurance current on the property.  The creditor and the Debtor will enter into new loan documents to evidence this claim.

      7.    Class 7 is impaired.  This class consists of a note secured by a first deed of trust against the Debtor's real property located at 15 Vineyard Drive in favor of **Wilmington Savings Fund Society**.  Wilmington has filed a proof of claim in the amount of $76,339.19 (Claim No. 9).

The Debtor believes the value of this property to be approximately $50,000.  The Debtor will engage a valuation expert to determine the value of this creditor's secured claim.

The Plan shall provide the following treatment for this allowed claim.  Upon determination of the final principal amount,  Class 7's secured claim will be repaid over **30 years at 3.5% interest** per annum through equal monthly payments on the 10th of each month beginning on the 1st

month following the Effective Date. The Debtor shall also be required to keep taxes and insurance current on the property. The creditor and the Debtor will enter into new loan documents to evidence this claim.

       8.     Class 8 is impaired. The class consists of a note secured by a first deed of trust against the Debtor's real property located at 52 Vineyard Drive in favor of **MTGLQ Investors LP**. MTGLQ has filed its proof of claim in the amount of $97,896.26 (Claim No 10.).

However, the Debtor disputes whether MTGLQ is the holder of this obligation as well as the amount of the claim. Therefore, the Debtor will file an adversary proceeding to determine the validity of this claim and the amount.

To the extent the Debtor is successful, MTGLQ, or the holder of the Note, shall have an unsecured claim and the treatment this claim shall be addressed in Class 19.

To the extent MTGLQ prevails in the litigation, the allowed claim shall be treated as secured claim under the Plan. Upon determination of the final principal amount, Class 8's secured claim will be repaid over **30 years at 3.5% interest** per annum through equal monthly payments on the 10th of each month beginning on the 1st month following the Effective Date. The Debtor shall also be required to keep taxes and insurance current on the property. The creditor and the Debtor will enter into new loan documents to evidence this claim.

       9.     Class 9 is impaired. The class consists of a note secured by a first deed of trust against the Debtor's real property located at 150 Nashua Drive in favor of **U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CSMC MORTGAGE-BACKED PASS-THROUGH CERTIFICATES. SERIES 2007-5**. US Bank has filed its proof of claim in the amount of $93,240.14 (Claim No 11.).

However, the Debtor disputes whether US Bank is the holder of this obligation as well as the amount of the claim. Therefore, the Debtor will file an adversary proceeding to determine the validity of this claim and the amount.

To the extent the Debtor is successful, US Bank, or the holder of the Note, shall have an unsecured claim and the treatment this claim shall be addressed in Class 19.

To the extent US Bank prevails in the litigation, the allowed claim shall be treated as secured claim under the Plan. Upon determination of the final principal amount, Class 9's secured claim will be repaid over **30 years at 3.5% interest** per annum through equal monthly payments on the 10th of each month beginning on the 1st month following the Effective Date. The Debtor shall also be required to keep taxes and insurance current on the property. The creditor and the Debtor will enter into new loan documents to evidence this claim.

      10.     Class 10 is impaired. This class consists of a note secured by a first deed of trust against the Debtor's real property located at 1411 Flatrock Church Road in favor of **Ditech Financial LLC**. Ditech has filed a proof of claim in the amount of $72,818.49 (Claim No. 12).

The Debtor believes the value of this property to be approximately $48,000.  The Debtor will engage a valuation expert to determine the value of this creditor's secured claim.

The Plan shall provide the following treatment for this allowed claim.  Upon determination of the final principal amount,  Class 10's secured claim will be repaid over **30 years at 3.5% interest** per annum through equal monthly payments on the 10th of each month beginning on the 1st month following the Effective Date.  The Debtor shall also be required to keep taxes and insurance current on the property.  The creditor and the Debtor will enter into new loan documents to evidence this claim.

>    11.    Class 11 is impaired.  The class consists of a note secured by a first deed of trust against the Debtor's real property located at 614 Shawnee Drive in favor of **Structured Asset Securities Corporation Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 2006-BC5, U.S. Bank National Association, as Trustee**. Structured Asset has filed its proof of claim in the amount of $98,874.45 (Claim No 13.).

However, the Debtor disputes whether Structured Asset is the holder of this obligation as well as the amount of the claim.  Therefore, the Debtor will file an adversary proceeding to determine the validity of this claim and the amount.

To the extent the Debtor is successful, Structured Asset, or the holder of the Note, shall have an unsecured claim and the treatment this claim shall be addressed in Class 19.

To the extent Structured Asset prevails in the litigation, the allowed claim shall be treated as secured claim under the Plan.  Upon determination of the final principal amount,  Class 11's secured claim will be repaid over **30 years at 3.5% interest** per annum through equal monthly payments on the 10th of each month beginning on the 1st month following the Effective Date.  The Debtor shall also be required to keep taxes and insurance current on the property.  The creditor and the Debtor will enter into new loan documents to evidence this claim.

>    12.    Class 12 is impaired.  The class consists of a note secured by a first deed of trust against the Debtor's real property located at 134 Horseman Drive in favor of **U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE CSMC MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-5.**  US Bank has filed its proof of claim in the amount of $93,849.58 (Claim No 14).

However, the Debtor disputes whether US Bank is the holder of this obligation as well as the amount of the claim.  Therefore, the Debtor will file an adversary proceeding to determine the validity of this claim and the amount.

To the extent the Debtor is successful, US Bank, or the holder of the Note, shall have an unsecured claim and the treatment this claim shall be addressed in Class 19.

To the extent US Bank prevails in the litigation, the allowed claim shall be treated as secured

claim under the Plan. Upon determination of the final principal amount, Class 12's secured claim will be repaid over **30 years at 3.5% interest** per annum through equal monthly payments on the 10th of each month beginning on the 1st month following the Effective Date. The Debtor shall also be required to keep taxes and insurance current on the property. The creditor and the Debtor will enter into new loan documents to evidence this claim.

      13.    Class 13 is impaired. The class consists of a note secured by a first deed of trust against the Debtor's real property located at 474 Shawnee Drive in favor of **CSMC Mortgage-Backed Pass-Through Certificates, Series 2007-5, U.S. Bank National Association, as Trustee.** CSMC has filed its proof of claim in the amount of $92,391.82 (Claim No 15).

However, the Debtor disputes whether CSMC is the holder of this obligation as well as the amount of the claim. Therefore, the Debtor will file an adversary proceeding to determine the validity of this claim and the amount.

To the extent the Debtor is successful, CSMC, or the holder of the Note, shall have an unsecured claim and the treatment this claim shall be addressed in Class 19.

To the extent CSMC prevails in the litigation, the allowed claim shall be treated as secured claim under the Plan. Upon determination of the final principal amount, Class 13's secured claim will be repaid over **30 years at 3.5% interest** per annum through equal monthly payments on the 10th of each month beginning on the 1st month following the Effective Date. The Debtor shall also be required to keep taxes and insurance current on the property. The creditor and the Debtor will enter into new loan documents to evidence this claim.

      14.    Class 14 is impaired. This class consists of a note secured by a first deed of trust against the Debtor's real property located at 1257 MC Wilder Road in favor of **U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust**. US Bank has filed a proof of claim in the amount of $60,709.58 (Claim No. 16).

The Debtor believes the value of this property to be approximately $30,000. The Debtor will engage a valuation expert to determine the value of this creditor's secured claim.

The Plan shall provide the following treatment for this allowed claim. Upon determination of the final principal amount, Class 14's secured claim will be repaid over **30 years at 3.5% interest** per annum through equal monthly payments on the 10th of each month beginning on the 1st month following the Effective Date. The Debtor shall also be required to keep taxes and insurance current on the property. The creditor and the Debtor will enter into new loan documents to evidence this claim.

      15.    Class 15 is impaired. This class consists of a note secured by a first deed of trust against the Debtor's real property located at 208 Choctaw Drive in favor of **JP Morgan Chase Bank**. Chase has filed a proof of claim in the amount of $442,313.82.

The Debtor believes the value of this property is approximately $350,000. Therefore, the Debtor will surrender his interest to the creditor on or before the Effective Date.

The Plan shall provide the following treatment for this allowed claim. Upon determination of the final principal amount, Class 15's secured claim will be repaid over **30 years at 3.5% interest** per annum through equal monthly payments on the 10th of each month beginning on the 1st month following the Effective Date. The Debtor shall also be required to keep taxes and insurance current on the property. The creditor and the Debtor will enter into new loan documents to evidence this claim.

16. Class 16 is impaired. This class consists of a note secured by a first deed of trust against the Debtor's real property located at 104 Blackfoot Drive in favor of **HSBC Bank USA, National Association, as trustee for Deutsche Alt-B Securities Inc. Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 2006-AB3.** HSBC has filed its proof of claim in the amount of $100,805.49 (Claim No. 19).

The Debtor believes the value of this property to be approximately $68,000.00. The Debtor will engage a valuation expert to determine the value of this creditor's secured claim.

Also, the Debtor has questions about the payment history and transfers under this note. Therefore, the Debtor will request such documents under Rule 2004 to verify the principal balance due this lender.

The Plan shall provide the following treatment for this allowed claim. Upon determination of the final principal amount, Class 16's secured claim will be repaid over **30 years at 3.5% interest** per annum through equal monthly payments on the 10th of each month beginning on the 1st month following the Effective Date. The Debtor shall also be required to keep taxes and insurance current on the property. The creditor and the Debtor will enter into new loan documents to evidence this claim.

17. Class 17 is impaired. This class consists of the disputed claims and liens against the following properties:

    A.    140 Hatchet Cove;
    B.    226 Shawnee Drive;
    C.    472 Shawnee Drive;
    D.    536 Shawnee Drive;
    E.    112 Nakoma Drive;
    F.    2414 Sledge Road; and
    G.    100 Osprey Hills Road.

The Debtor disputed the claims purportedly held against these properties and the claimants of record have failed to file proofs of claims in this matter before the Bar Date. Therefore, pursuant to Section 506(d), creditors with claims arising from these properties shall not have an allowed claim in this bankruptcy proceeding and their liens will be avoided to the benefit of the estate.

18. Class 18 is impaired. This class, known as a convenience class, is made up of unsecured creditors with claims of less than $10,000.00 or opting to reduce their claim to less than $10,000.

The Debtors propose to pay this class **50% of their allowed claim within 180 days** of the Effective Date. In addition to the creditors within this class by virtue of their claim, other creditors may elect to participate in this class by making such election in writing and agreeing to reduce their claims to the class limit of $10,000.00.

19. Class 19 is impaired. This class consists of general unsecured claims as defined above, including all deficiency claims arising from other classes.

The treatment of these claims is contingent on the outcome of the adversary proceedings contemplated in this matter and avoidance of liens for disallowed claims.

To the extent the Debtor' Plan creates equity in real property, the Debtor will identify sufficient property to pay the claims of the unsecured creditors. The Debtor shall execute a new note and deed of trust in favor the this class secured by those identified properties. The principal under this Note shall be the lesser of the value of the collateral or the total of the allowed claims. This principal shall be amortized and repaid through equal monthly payments over **30 years** at **3.25% interest** per annum. The first payment shall be due on the 10th day of the first month following the Effective Date.

To the extent the Debtor's Plan does not create equity in real property, the Debtor shall commit his disposable income, as determined after the payment of his reasonable ongoing expenses as well as payment to all other claims under the Plan, for five years from the Effective Date to the payment of claims in this Class. The payments shall be made to the creditors quarterly. To the extent the payments are insufficient to pay the allowed claims in full, the amount paid to this class shall be distributed pro-rata.

5. Non-classified Claims are unimpaired. These claims shall be satisfied pursuant to their respective treatments under Section 1129(a)(9)(A) &(C).

For clarification, tax claims entitled to priority shall paid in full at the statutory rate of interest within five years of the date of the petition in equal quarterly payments. The payments will begin on the last day of the quarter following the Effective Date. However, these claims will be paid in full prior to any payment to unsecured creditors.

Administrative claims shall be paid in full on the Effective Date or on terms as agreed to by administrative creditors. However, all administrative claims must be paid prior to the entry of discharge and the property shall not vest in the Debtor until these claims have been paid in full.

ARTICLE V

MEANS OF EXECUTION OF THE PLAN

The Debtor will fund the Plan through monthly income from rental property. The Monthly Reports filed to date in this proceeding support the Debtor's assumptions regarding the payment of classes.

An exhibit showing the projections and distributions under the Plan shall be attached to the Disclosure Statement supporting this Plan.

In addition, the Debtor will pursue his litigation against lenders regarding the validity and security of its claim.

## ARTICLE VI
## RETENTION OF JURISDICTION

The Court shall retain jurisdiction of this case after Confirmation until the final distribution under Article IV has been made in respect to the following matters:

    A. To enable any party in interest to consummate any and all proceedings that it may bring prior to confirmation;

    B. To hear and determine all claims, including claims arising from the rejection of any executory contract or unexpired lease and any objections which may be made thereto;

    C. To liquidate or estimate damages or determine the manner and time for such liquidation or estimation in connection with any contingent or unliquidated claim;

    D. To adjudicate all claims to any lien on any property of the Debtor or any proceeds thereof;

    E. To adjudicate all claims or controversies arising during the pendency of the Chapter 11 case;

    F. To allow or disallow any claims; and

    G. To make such orders as are necessary or appropriate to carry out the provisions of the Plan.

## ARTICLE VII
## EFFECT OF CONFIRMATION

The Debtor submits that the creditors under this Plan will receive more than they would under a Chapter 7 liquidation and secures same under the Plan. **Therefore, the Debtor hereby gives notice that he intends to seek a discharge upon satisfaction of all administrative claims.** Except as otherwise provided in the Plan, the confirmation of the plan vests all the property of

the estate in the Debtor.

The provisions of the confirmed plan shall bind the debtor, any entity acquiring property under the Plan, and any creditor, whether or not the claim or interest of such creditor is impaired under the Plan and whether or not such creditor has accepted the plan.

Except as otherwise provided for in the Plan or in the Order Confirming the Plan, after confirmation of a plan, the property dealt with by the plan is free and clear of all claims and interests of creditors.

Except as otherwise provided in the plan, or in the order confirming the plan, the confirmation of a plan, the entry of discharge of the Debtor shall discharges the debtor from any debt that arose before the date of such confirmation, and any debt of a kind specified in section 502(g), 502(h), or 502(i) of Title 11, whether or not a proof of the claim based on such debt is filed or deemed filed under section 501; such claim is allowed under section 502; or the holder of such claim has accepted the plan.

Except as provided herein, all contracts which exist between the Debtor and any individual or entity, whether such contract be in writing or oral, which have not heretofore been rejected or heretofore been approved by Orders of the Court are specifically rejected.

The confirmation of the Plan and the Order confirming same shall survive the conversion of this case or dismissal.

    Respectfully submitted this 30th day of August 2017.

**J.M. Cook, P.A.**

By: /s/ <u>J.M. Cook</u>
       J.M. Cook
       5886 Faringdon Place
       Suite 100
       Raleigh, NC  27609
       Tel: 919.675.2411
       Fax: 919.882.1719
       Email: J.M.Cook@jmcookesq.com