UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                                    CASE NO. 17-01360-5-DMW

AUBREY L. MEADE,                                          Chapter 11
       Debtor-in-Possession

**FIRST AMENDED PLAN OF REORGANIZATION BY DEBTOR**

      The Debtor in the above captioned Chapter 11 case hereby proposes the following Plan of Reorganization.

ARTICLE I
DEFINITIONS

For the purposes of the Plan the following definitions shall apply:

    1.    "Code" shall mean Title 11 of the United States Code as amended.

    2.    "Court" shall mean the United States Bankruptcy Court for the Eastern District of North Carolina in which this case is pending.

    3.    "Creditors" shall mean all creditors of the Debtor holding claims for debts, liabilities, demands or claims of any character whatsoever.

    4.    "Confirmation of the Plan" shall mean the entry by the Court of an order confirming the Plan in accordance with Chapter 11.

    5.    "Debtor" shall mean Aubrey Meade, the individual listed in the caption of the Plan.

    6.    "Effective Date" shall be 30 days after the confirmation order becomes final and non-appealable.

    7.    "General Unsecured Creditors" shall mean all allowed claims held by creditors of the Debtor, other than Secured Claims or Priority Claims, and shall include claims of secured creditors to the extent that the same are unsecured in part and claims arising out of the rejection of executory contracts or unexpired leases.

    8.    "Lien" shall mean a mortgage, pledge, judgment lien, security interest, charging order, or other charge or encumbrance on the Debtor' property effective under the applicable law as of the date of the Debtor' petition.

9. "Non-classified Claims" shall mean claims arising under Section 507 (a)(2), 507 (a)(3), or 507 (a)(8) which are restricted from classification pursuant to Section 1123(a)(1).

10. "Petition Date" shall mean the date on which the Chapter 11 petition was filed, 20 March 2017.

11. "Priority Claim" shall mean the claim of an unsecured creditor entitled to priority under Section 507 **excluding** claims entitled to priority under Section 507(a)(8).

12. "Plan" shall mean this Plan of Reorganization in its present form or as it may be amended or supplemented.

13. "Section" as used in this Plan, unless otherwise noted, shall refer to that section of Title 11 of the United States Code.

14. "Secured Claim" shall mean all claims secured by liens on the property of the Debtor, which liens are valid, perfected and enforceable under applicable law and are not subject to avoidance under the Bankruptcy Code or other applicable nonbankruptcy law and are duly established in this case.

## ARTICLE II
## GENERAL PROVISIONS

The following general provisions apply to this Plan:

1. Claims: Various claims are defined in this Plan. The Plan is intended to deal with all claims against the Debtor of whatever character, whether or not contingent or liquidated and whether or not allowed by the Code pursuant to Section 502(a).

2. Preserved Liens: To the extent required under Section 1124(2) of the Code to preserve the rights of a secured creditor, the lien or encumbrance of that creditor shall, to the extent valid, be preserved or will otherwise be satisfied by cash payment to the extent of the value of the secured property or amount of secured debt, which is less.

3. Time for Filing Claims: All creditors whose claims are scheduled as disputed or unliquidated in the Debtor's schedules must file such claims by the bar date established by the Court, 26 July 2017, in order to be treated under the Plan. However, the Debtor and all other parties in interest shall have 90 days after the Effective Date to object to said claims.

4. Modification of the Plan: This Plan may be modified upon any application by the Debtor or corrected prior to Confirmation without notice and hearing and without additional disclosure pursuant to Section 1125 of the Code, subject to a determination at the time of Confirmation by the Court that such modification or correction does not materially or adversely affect any creditor or class or creditors. After confirmation of the Plan, the Debtor may, upon approval of the Court, remedy any defect or omission, or reconcile any inconsistencies in the

Plan or in the Confirmation Order is such manner as may be necessary to carry out the purpose and effect of this Plan without further notice and hearing. However, to the extent the Court deems necessary, the Debtor may be required to grant affected creditors notice and opportunity to be heard on such modifications.

## ARTICLE III
## DIVISIONS OF CLAIMS AND INTERESTS

Class 1: All allowed Priority Claims;
Class 2: Secured Claim of MTGLQ Investors, L.P. - 3709/3711 Lee Road;
Class 3: Secured Claim of Bosco Credit II Trust Series - 518 Shawnee Drive;
Class 4: Secured Claim of Bosco Credit II Trust Series - 238 Shawnee Drive;
Class 5: Secured Claim of US Bank National Association - 480 Shawnee Drive;
Class 6: Junior Secured Claim of Specialized Loan Servicing, LLC - 134 Horseman Drive;
Class 7: Secured Claim of Wilmington Savings Fund Society - 15 Vineyard Drive;
Class 8: Secured Claim of MTGLQ Investors LP - 52 Vineyard Drive;
Class 9: Secured Claim of CSMC - 150 Nashua Drive;
Class 10: Secured Claim of Ditech Financial LLC - 1411 Flatrock Church Road;
Class 11: Secured Claim of Structured Asset Securities - 614 Shawnee Drive
Class 12: Senior Secured Claim of CSMC - 134 Horseman Drive;
Class 13: Secured Claim of CSMC - 474 Shawnee Drive;
Class 14: Secured Claim of LSF9 Master Participation Trust - 1257 MC Wilder Road;
Class 15: Secured Claim of JP Morgan Chase Bank - 208 Choctaw Drive;
Class 16: Secured Claim of Deutsche Alt-B Securities - 104 Blackfoot Drive;
Class 17: Disputed Claims and Liens;
Class 18: 1122(B) Claimants;
Class 19: All General Unsecured Claims irrespective of amount;
Class 20: Secured claim of Bank of New York Mellon - 112 Nakoma Drive;
Class 21: Secured claim of Bank of New York Mellon - 140 Hatchet Drive;
Class 22: Disputed Claim of US National Bank - 2414 Sledge Road; and
Non-classified Claims.

Class 1 is unimpaired. Classes 2-19 are impaired.

## ARTICLE IV
## TREATMENT OF CLASSES AND CLAIMS

    1.    Class 1 is unimpaired. All Class 1 Creditors will be paid the cash value of their allowed claim in full through quarterly payments beginning on the last day of the quarter after the Effective Date and continuing until the 4th Quarter of 2017. However, to the extent is does not impact the payment to other creditors, the Debtor may pay these claims in full at any time during the repayment period.

    2.    Class 2 is impaired. This class consists of a note secured by a first deed of trust against the Debtor's real property located at 3709/3711 Lee Road in favor of **MTGLQ**

3

**Investors, L.P.** MTGLQ has filed its proof of claim in the amount of $104,300.32 (Claim No. 4).

Based on the value of the property, the claim shall be **fully secured**. Class 2's secured claim will be repaid over **20 years at 5% interest** per annum through equal monthly payments on the 10th of each month beginning on the 1st month following the Effective Date. The Debtor shall also be required to keep taxes and insurance current on the property. The creditor and the Debtor will enter into new loan documents to evidence this claim.

      3.      Class 3 is impaired. This class consists of a note secured by a second deed of trust against the Debtor's real property located at 518 Shawnee Drive in favor of **Deutsche Bank National Trust Company, as Certificate Trustee on behalf of Bosco Credit II Trust Series 2010-1**. Bosco has filed its proof of claim in the amount of $27,040.06 (Claim No. 5).

Based on the value of the property, the claim shall be **fully secured**. Class 3's secured claim will be repaid over **20 years at 5% interest** per annum through equal monthly payments on the 10th of each month beginning on the 1st month following the Effective Date. The Debtor shall also be required to keep taxes and insurance current on the property. The creditor and the Debtor will enter into new loan documents to evidence this claim. The Debtor shall also be required to keep taxes and insurance current on the property. The creditor and the Debtor will enter into new loan documents to evidence this claim.

      4.      Class 4 is impaired. This class consists of a note secured by a second deed of trust against the Debtor's real property located at 238 Shawnee Drive in favor of **Deutsche Bank National Trust Company, as Certificate Trustee on behalf of Bosco Credit II Trust Series 2010-1**. Bosco has filed its proof of claim in the amount of $27,040.06 (Claim No. 6).

Based on the value of the property, the claim shall be **fully secured**. Class 4's secured claim will be repaid over **20 years at 5% interest** per annum through equal monthly payments on the 10th of each month beginning on the 1st month following the Effective Date. The Debtor shall also be required to keep taxes and insurance current on the property. The creditor and the Debtor will enter into new loan documents to evidence this claim.

      5.      Class 5 is impaired. This class consists of a note secured by a first deed of trust against the Debtor's real property located at 480 Shawnee Drive in favor of **US Bank National Association**. US Bank has filed its proof of claim in the amount of $95,118.93.

Based on the value of the property, the claim shall be **fully secured**. Class 5's secured claim will be repaid over **30 years at 6% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st month following the Effective Date. The Debtor shall also be required to keep taxes and insurance current on the property.

Except as set forth above, all other elements and provisions of the original note and deed of trust shall remain in full force and effect.

6. Class 6 is impaired. This class consists of a note secured by a second deed of trust against the Debtor's real property located at 134 Horseman Drive in favor of **Specialized Loan Servicing, LLC**. Specialized has filed a proof of claim in the amount of $13,736.29 (Claim no. 8).

Based on the value of the property, this claim is fully secured. Class 6's secured claim will be repaid over **10 years at 4.25% interest** per annum through equal monthly payments on the 10th of each month beginning on the 1st month following the Effective Date. The Debtor shall also be required to keep taxes and insurance current on the property. The creditor and the Debtor will enter into new loan documents to evidence this claim.

7. Class 7 is impaired. This class consists of a note secured by a first deed of trust against the Debtor's real property located at 15 Vineyard Drive in favor of **Wilmington Savings Fund Society**. Wilmington has filed a proof of claim in the amount of $76,339.19 (Claim No. 9).

Based on the value of the property, the claim shall be **fully secured**. Class 7's secured claim will be repaid over **20 years at 5% interest** per annum through equal monthly payments on the 10th of each month beginning on the 1st month following the Effective Date. The Debtor shall also be required to keep taxes and insurance current on the property. The creditor and the Debtor will enter into new loan documents to evidence this claim.

8. Class 8 is impaired. The class consists of a note secured by a first deed of trust against the Debtor's real property located at 52 Vineyard Drive in favor of **MTGLQ Investors LP**. MTGLQ has filed its proof of claim in the amount of $97,896.26 (Claim No 10.).

Based on the value of the property, the claim shall be **fully secured**. Class 7's secured claim will be repaid over **20 years at 5% interest** per annum through equal monthly payments on the 10th of each month beginning on the 1st month following the Effective Date. The Debtor shall also be required to keep taxes and insurance current on the property. The creditor and the Debtor will enter into new loan documents to evidence this claim.

9. Class 9 is impaired. The class consists of a note secured by a first deed of trust against the Debtor's real property located at 150 Nashua Drive in favor of **U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CSMC MORTGAGE-BACKED PASS-THROUGH CERTIFICATES. SERIES 2007-5**. US Bank has filed its proof of claim in the amount of $93,240.14 (Claim No 11.).

Based on the value of the property, the claim shall be **fully secured**. Class 9's secured claim will be repaid over **30 years at 6% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st month following the Effective Date. The Debtor shall also be required to keep taxes and insurance current on the property.

Except as set forth above, all other elements and provisions of the original note and deed of trust shall remain in full force and effect.

10. Class 10 is impaired. This class consists of a note secured by a first deed of trust against the Debtor's real property located at 1411 Flatrock Church Road in favor of **Ditech Financial LLC**. Ditech has filed a proof of claim in the amount of $72,818.49 (Claim No. 12).

Based on the value of the property, the claim shall be **fully secured**. Class 10's secured claim will be repaid over **30 years at 6.25% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st month following the Effective Date. The Debtor shall also be required to keep taxes and insurance current on the property.

Except as set forth above, all other elements and provisions of the original note and deed of trust shall remain in full force and effect.

11. Class 11 is impaired. The class consists of a note secured by a first deed of trust against the Debtor's real property located at 614 Shawnee Drive in favor of **Structured Asset Securities Corporation Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 2006-BC5, U.S. Bank National Association, as Trustee**. Structured Asset has filed its proof of claim in the amount of $98,874.45 (Claim No 13.).

Based on the value of the property, the claim shall be **fully secured**. Class 11's secured claim will be repaid over **30 years at 5.5% interest** per annum through equal monthly payments on the 10th of each month beginning on the 1st month following the Effective Date. The Debtor shall also be required to keep taxes and insurance current on the property and be required to pay same through escrow with the lender.

Except as set forth above, all other elements and provisions of the original note and deed of trust shall remain in full force and effect.

12. Class 12 is impaired. The class consists of a note secured by a first deed of trust against the Debtor's real property located at 134 Horseman Drive in favor of **U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE CSMC MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-5.** US Bank has filed its proof of claim in the amount of $93,849.58 (Claim No 14).

Based on the value of the property, the claim shall be **fully secured**. Class 12's secured claim will be repaid over **30 years at 5% interest** per annum through equal monthly payments on the 10th of each month beginning on the 1st month following the Effective Date. The Debtor shall also be required to keep taxes and insurance current on the property. The creditor and the Debtor will enter into new loan documents to evidence this claim.

13. Class 13 is impaired. The class consists of a note secured by a first deed of trust against the Debtor's real property located at 474 Shawnee Drive in favor of **CSMC Mortgage-Backed Pass-Through Certificates, Series 2007-5, U.S. Bank National Association, as Trustee.** CSMC has filed its proof of claim in the amount of $92,391.82 (Claim

No 15).

Based on the value of the property, the claim shall be **fully secured**. Class 13's secured claim will be repaid over **30 years at 5% interest** per annum through equal monthly payments on the 10th of each month beginning on the 1st month following the Effective Date. The Debtor shall also be required to keep taxes and insurance current on the property. The creditor and the Debtor will enter into new loan documents to evidence this claim.

14. Class 14 is impaired. This class consists of a note secured by a first deed of trust against the Debtor's real property located at 1257 MC Wilder Road in favor of **U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust**. US Bank has filed a proof of claim in the amount of $60,709.58 (Claim No. 16).

During the course of the case, the lender pursued relief from stay on this property. By consent order, the Debtor and the lender agreed to surrender this property in full satisfaction of the lender's claim. The terms of that consent order are incorporated herein as if set forth in full.

15. Class 15 is impaired. This class consists of a note secured by a first deed of trust against the Debtor's real property located at 208 Choctaw Drive in favor of **JP Morgan Chase Bank**. Chase has filed a proof of claim in the amount of $442,313.82.

Based on the value of the property, the claim is fully secured. Class 15's secured claim will be repaid over **30 years at 4.5% interest** per annum through equal monthly payments on the 10th of each month beginning on the 1st month following the Effective Date. The Debtor shall also be required to keep taxes and insurance current on the property. The creditor and the Debtor will enter into new loan documents to evidence this claim.

16. Class 16 is impaired. This class consists of a note secured by a first deed of trust against the Debtor's real property located at 104 Blackfoot Drive in favor of **HSBC Bank USA, National Association, as trustee for Deutsche Alt-B Securities Inc. Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 2006-AB3**. HSBC has filed its proof of claim in the amount of $100,805.49 (Claim No. 19).

Based on the value of the property, the claim is fully secured. Class 15's secured claim will be repaid over **30 years at 4.5% interest** per annum through equal monthly payments on the 10th of each month beginning on the 1st month following the Effective Date. The Debtor shall also be required to keep taxes and insurance current on the property. The creditor and the Debtor will enter into new loan documents to evidence this claim.

17. Class 17 is impaired. This class consists of the disputed claims and liens against the following properties:

    A.    226 Shawnee Drive;
    B.    472 Shawnee Drive;
    C.    536 Shawnee Drive;

      D.      100 Osprey Hills Road;
      E.      518 Shawnee Drive- First Lien; and
      F.      238 Shawnee Drive - First Lien.

The Debtor disputed the claims purportedly held against these properties and the claimants of record have failed to file proofs of claims in this matter before the Bar Date. The Debtor also separately served these claim holders with a copy of the Notice of Disputed Claims and the Plan of Reorganization. Therefore, pursuant to Section 506(d), creditors with claims arising from these properties shall not have an allowed claim in this bankruptcy proceeding and their liens will be avoided to the benefit of the estate.

In support of this provision of the Plan, the Debtor shall prepare an order(s) to be entered upon the record of the appropriate Registry of Deeds for title purposes.

      18.      Class 18 is impaired. This class, known as a convenience class, is made up of unsecured creditors with claims of less than $10,000.00 or opting to reduce their claim to less than $10,000.

The Debtors propose to pay this class **50% of their allowed claim within 180 days** of the Effective Date. In addition to the creditors within this class by virtue of their claim, other creditors may elect to participate in this class by making such election in writing and agreeing to reduce their claims to the class limit of $10,000.00.

      19.      Class 19 is impaired. This class consists of general unsecured claims as defined above, including all deficiency claims arising from other classes.

Within 30 days of the Effective Date of the Plan, the Debtor will identify sufficient property to pay the allowed claims of the unsecured creditors. The Debtor shall then execute a new note and deed of trust in favor of this class secured by those identified properties. The principal under this Note shall be the lesser of the value of the collateral or the total of the allowed claims. This principal shall be amortized and repaid through equal monthly payments over **15 years** at **3.25% interest** per annum. The first payment shall be due on the 10th day of the first month following the Effective Date. The beneficiary of the deed of trust will have the authority to cancel, renew or modify the deed of trust without further order of the Court.

      20.      Class 20 is impaired. This class consists of a note secured by a first deed of trust against the Debtor's real property located at 112 Nakoma Drive in favor of **The Bank of New York Mellon as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2006-11.** New York Mellon has did not file a proof of claim but filed a Motion for Relief from Stay with exhibits evidencing a claim in the amount of

In connection with the lender's Motion for Relief from Stay, the Parties entered into a global settlement of this matter. The terms of the consent order as recited below establish the treatment for this class as follows:

1. Secured Creditor will have a secured claim in the amount of the total debt which approximates on 6/11/2018 to be $104,521.57.

2. Debtor agrees to pay the secured claim amount of $104,521.57 at a 5% fixed interest rate with payments calculated at a 360-month amortization schedule, with all amounts due upon the maturity date 7/1/2039.

3. All amounts still outstanding upon the maturity date under this agreement, including any deferred non-interest-bearing amount, will be due and owing in full on the maturity date 7/1/2039.

4. The principal and interest payment ("P&I" herein) under these agreed terms is approximately $561.09 per month. This amount is approximate, and the formal reamortization under this agreement will be completed by Secured Creditor after successful confirmation of the Plan of Reorganization that incorporates same.

5. The loan will remain impounded for taxes and insurance on the Subject Property in accordance with the terms of the deed of trust and note. The current amounts due are taxes at $80.44 per month and insurance at $46.75 per month. Debtor is aware these amounts may fluctuate. Debtor(s) also agree(s) to provide proof of insurance to Secured Creditor within 30 days upon request.

6. The first payment under this agreement is due 7/1/2018 in the amount of $688.28 per month (principal and interest $561.09 + taxes $80.44 + insurance $46.75). Debtor(s) agree(s) to make payments in this amount until the permanent loan adjustments are made and post confirmation mortgage statement is sent out reflecting the new loan terms and monthly payment amount. Debtor(s) agree(s) to pay the amounts reflected in those statements.

7. Payments shall be made directly to Secured Creditor at Attn: Remittance Processing, P.O. Box 65450, Salt Lake City, UT 84165-0450, with reference to the last four digits of the Loan Number 0321, or as otherwise directed.

8. All post-petition escrow advances are included in the total principal balance due upon maturity. The payment required under this stipulation prior to confirmation does not include an escrow shortage payment. The escrow shortage will be calculated and added to the monthly payment after the permanent loan adjustments are made and post confirmation mortgage statement is sent out reflecting the new loan terms and monthly payment amount.

9. All other terms of the Deed of Trust and Note not directly altered by this agreement will remain in full force and effect.

10. Secured Creditor has relief from the automatic stay as to the Subject Property upon confirmation of Debtor's Chapter 11 Plan.

11. In the event of a default on payments to Secured Creditor under the terms of this stipulation prior to the entry of the confirmation order, Secured Creditor shall notify Debtor and Debtor's counsel of the default in writing. Debtor shall have ten (10) calendar days from the date of the written notification to cure the default, and Debtor agrees to pay an additional $100.00 for attorney fees for each default occurrence. If Debtor fails to cure the default, Secured Creditor may lodge a declaration of default and order terminating the automatic stay and include that the 14-day stay as provided in FRBP 4001(a)(3) is waived. Upon entry of the order the automatic stay shall be terminated and extinguished for purposes of allowing Secured Creditor to notice, proceed with, and hold a trustee's sale of the Subject Property, pursuant to applicable state law and without further Court Order or proceeding being necessary, including any action necessary to obtain complete possession of the Subject Property, including unlawful detainer.

12. In the event of a default on payments to Secured Creditor under the terms of this stipulation after the entry of the confirmation order, Secured Creditor shall may proceed pursuant to the terms of the underlying deed of trust and note, and state and federal law, to obtain complete possession of the Subject Property, including unlawful detainer, without further court order or proceeding being necessary. Any and all default provisions included in Debtor's Chapter 11 plan are not applicable to Secured Creditor with regard to the Subject Property, and Secured Creditor is only bound by the terms included in this stipulation.

13. Debtor agrees to incorporate the above agreed terms of lien treatment into any and all existing and future proposed Chapter 11 Plans through either exact language or by attaching this stipulation as an exhibit to the plan, and if any terms in Debtor's Chapter 11 Plan conflict with the terms of this stipulation the terms of this stipulation will control. In the event that Debtor's Chapter 11 Plan does not reflect the language of this stipulation, Debtor agrees that the stipulation terms will be incorporated into the confirmation order through exact language, attachment of the stipulation as an exhibit to the confirmation order, or by reference in the confirmation order of the stipulation by document number.
14. Secured Creditor agrees to vote for Debtor's Chapter 11 Plan provided it Debtor has complied with all provisions of this stipulation.

15. If this instant Chapter 11 bankruptcy petition is dismissed and/or converted to another chapter under title 11, Secured Creditor's lien shall remain a valid secured lien for the full amount due under the original Promissory Note and all payments received under this agreement will be applied contractually under the original terms of the Deed of Trust and original Promissory Note.

21. Class 20 is impaired.  This class consists of a note secured by a first deed of trust against the Debtor's real property located at 140 Hatchet Drive in favor of **The Bank of New York Mellon as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2006-11.** New York Mellon has did not file a proof of claim but filed a Motion for Relief from Stay with exhibits evidencing a claim in the amount of

In connection with the lender's Motion for Relief from Stay, the Parties entered into a global settlement of this matter. The terms of the consent order as recited below establish the treatment for this class as follows:

1. Secured Creditor will have a secured claim in the amount of $125,000.00 and an unsecured claim of approximately $6,745.94 and the unsecured claim shall be reduced to $0 upon confirmation of the plan.

2. Debtor agrees to pay the secured claim amount of $125,000.00 at a 5.25% fixed interest rate with payments calculated at a 360-month amortization schedule, with all amounts due upon the maturity date 7/1/2039.

3. All amounts still outstanding upon the maturity date under this agreement, including any deferred non-interest-bearing amount, will be due and owing in full on the maturity date 7/1/2039.

4. The principal and interest payment ("P&I" herein) under these agreed terms is approximately $690.25 per month. This amount is approximate, and the formal reamortization under this agreement will be completed by Secured Creditor after successful confirmation of the Plan of Reorganization that incorporates same.

5. The loan will remain impounded for taxes and insurance on the Subject Property in accordance with the terms of the deed of trust and note. The current amounts due are taxes at $75.01 per month and insurance at $31.08 per month. Debtor is aware these amounts may fluctuate. Debtor(s) also agree(s) to provide proof of insurance to Secured Creditor within 30 days upon request.

6. The first payment under this agreement is due 7/1/2018 in the amount of $796.34 per month (principal and interest $690.25 + taxes $75.01 + insurance $31.08). Debtor(s) agree(s) to make payments in this amount until the permanent loan adjustments are made and post confirmation mortgage statement is sent out reflecting the new loan terms and monthly payment amount. Debtor(s) agree(s) to pay the amounts reflected in those statements.

7. Payments shall be made directly to Secured Creditor at Attn: Remittance Processing, P.O. Box 65450, Salt Lake City, UT 84165-0450, with reference to the last four digits of the Loan Number 0321, or as otherwise directed.

8. All post-petition escrow advances are included in the total principal balance due upon maturity. The payment required under this stipulation prior to confirmation does not include an escrow shortage payment. The escrow shortage will be calculated and added to the monthly payment after the permanent loan adjustments are made and post confirmation mortgage statement is sent out reflecting the new loan terms and monthly payment amount.

9. All other terms of the Deed of Trust and Note not directly altered by this agreement will remain in full force and effect.

10. Secured Creditor has relief from the automatic stay as to the Subject Property upon confirmation of Debtor's Chapter 11 Plan.

11. In the event of a default on payments to Secured Creditor under the terms of this stipulation prior to the entry of the confirmation order, Secured Creditor shall notify Debtor and Debtor's counsel of the default in writing. Debtor shall have ten (10) calendar days from the date of the written notification to cure the default, and Debtor agrees to pay an additional $100.00 for attorney fees for each default occurrence. If Debtor fails to cure the default, Secured Creditor may lodge a declaration of default and order terminating the automatic stay and include that the 14-day stay as provided in FRBP 4001(a)(3) is waived. Upon entry of the order the automatic stay shall be terminated and extinguished for purposes of allowing Secured Creditor to notice, proceed with, and hold a trustee's sale of the Subject Property, pursuant to applicable state law and without further Court Order or proceeding being necessary, including any action necessary to obtain complete possession of the Subject Property, including unlawful detainer.

12. In the event of a default on payments to Secured Creditor under the terms of this stipulation after the entry of the confirmation order, Secured Creditor shall may proceed pursuant to the terms of the underlying deed of trust and note, and state and federal law, to obtain complete possession of the Subject Property, including unlawful detainer, without further court order or proceeding being necessary. Any and all default provisions included in Debtor's Chapter 11 plan are not applicable to Secured Creditor with regard to the Subject Property, and Secured Creditor is only bound by the terms included in this stipulation.

13. Debtor agrees to incorporate the above agreed terms of lien treatment into any and all existing and future proposed Chapter 11 Plans through either exact language or by attaching this stipulation as an exhibit to the plan, and if any terms in Debtor's Chapter 11 Plan conflict with the terms of this stipulation the terms of this stipulation will control. In the event that Debtor's Chapter 11 Plan does not reflect the language of this stipulation, Debtor agrees that the stipulation terms will be incorporated into the confirmation order through exact language, attachment of the stipulation as an exhibit to the confirmation order, or by reference in the confirmation order of the stipulation by document number.
14. Secured Creditor agrees to vote for Debtor's Chapter 11 Plan provided it Debtor has complied with all provisions of this stipulation.

15. If this instant Chapter 11 bankruptcy petition is dismissed and/or converted to another chapter under title 11, Secured Creditor's lien shall remain a valid secured lien for the full amount due under the original Promissory Note and all payments received under this agreement will be applied contractually under the original terms of the Deed of Trust and original Promissory Note.

22. Class 22 is unimpaired. The class consists of the disputed claim of US National Bank regarding its lien on the Debtor's real property at 2414 Sledge Road. The Debtor disputed the claim in its schedules based on issues with the loan and loan history. The creditor elected not to file a claim. However, the creditor has now objected to the confirmation of the Plan.

Within 60 days of confirmation of the Plan, the Debtor will institute an adversary proceeding regarding this creditor's lien. The confirmation of the Plan shall leave unaffected and unaltered the present rights of US National Bank and the Debtor's cause of action.

23. Non-classified Claims are unimpaired. These claims shall be satisfied pursuant to their respective treatments under Section 1129(a)(9)(A) &(C).

For clarification, tax claims entitled to priority shall paid in full at the statutory rate of interest within five years of the date of the petition in equal quarterly payments. The payments will begin on the last day of the quarter following the Effective Date. However, these claims will be paid in full prior to any payment to unsecured creditors.

Administrative claims shall be paid in full on the Effective Date or on terms as agreed to by administrative creditors. However, all administrative claims must be paid prior to the entry of discharge and the property shall not vest in the Debtor until these claims have been paid in full.

## ARTICLE V
## MEANS OF EXECUTION OF THE PLAN

The Debtor will fund the Plan through monthly income from rental property. The Monthly Reports filed to date in this proceeding support the Debtor's assumptions regarding the payment of classes.

An exhibit showing the projections and distributions under the Plan shall be attached to the Disclosure Statement supporting this Plan.

In addition, the Debtor will pursue his litigation against lenders regarding the validity and security of its claim.

## ARTICLE VI
## RETENTION OF JURISDICTION

The Court shall retain jurisdiction of this case after Confirmation until the final distribution under Article IV has been made in respect to the following matters:

A. To enable any party in interest to consummate any and all proceedings that it may bring prior to confirmation;

B. To hear and determine all claims, including claims arising from the rejection of any

executory contract or unexpired lease and any objections which may be made thereto;

      C.  To liquidate or estimate damages or determine the manner and time for such liquidation or estimation in connection with any contingent or unliquidated claim;

      D.  To adjudicate all claims to any lien on any property of the Debtor or any proceeds thereof;

      E.  To adjudicate all claims or controversies arising during the pendency of the Chapter 11 case;

      F.  To allow or disallow any claims; and

      G.  To make such orders as are necessary or appropriate to carry out the provisions of the Plan.

## ARTICLE VII
## EFFECT OF CONFIRMATION

The Debtor submits that the creditors under this Plan will receive more than they would under a Chapter 7 liquidation and secures same under the Plan.  **Therefore, the Debtor hereby gives notice that he intends to seek a discharge upon satisfaction of all administrative claims.** Except as otherwise provided in the Plan, the confirmation of the plan vests all the property of the estate in the Debtor.

The provisions of the confirmed plan shall bind the debtor, any entity acquiring property under the Plan, and any creditor, whether or not the claim or interest of such creditor is impaired under the Plan and whether or not such creditor has accepted the plan.

Except as otherwise provided for in the Plan or in the Order Confirming the Plan, after confirmation of a plan, the property dealt with by the plan is free and clear of all claims and interests of creditors.

Except as otherwise provided in the plan, or in the order confirming the plan, the confirmation of a plan, the entry of discharge of the Debtor shall discharges the debtor from any debt that arose before the date of such confirmation, and any debt of a kind specified in section 502(g), 502(h), or 502(i) of Title 11, whether or not a proof of the claim based on such debt is filed or deemed filed under section 501; such claim is allowed under section 502; or the holder of such claim has accepted the plan.

Except as provided herein, all contracts which exist between the Debtor and any individual or entity, whether such contract be in writing or oral, which have not heretofore been rejected or heretofore been approved by Orders of the Court are specifically rejected.

The confirmation of the Plan and the Order confirming same shall survive the conversion of this case or dismissal.

Respectfully submitted this 5th day of August 2018.

**J.M. Cook, P.A.**

By: /s/ J.M. Cook
    J.M. Cook
    5886 Faringdon Place
    Suite 100
    Raleigh, NC  27609
    Tel: 919.675.2411
    Fax: 919.882.1719
    Email: J.M.Cook@jmcookesq.com