**SO ORDERED.**

**SIGNED this 9 day of August, 2018.**

_____

**David M. Warren**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:
AUBREY L. MEADE, JR.
                    DEBTOR

CASE NO.  17-01360-5-DMW
CHAPTER 11

## CONSENT ORDER MODIFYING STAY
## WITH RESPECT TO PROPERTY LOCATED AT
## 140 HATCHET DRIVE, NORTH CAROLINA 27549

**THE MATTER** came on before the United States Bankruptcy Court for the Eastern District of North Carolina upon the Motion for Relief from Stay [Dkt. # 231] (herein, the "Motion") filed by The Bank of New York Mellon as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2006-11, its assignees and/or successors, by and through its servicing agent Select Portfolio Servicing, Inc. (herein, "Creditor") and the Court having reviewed the pleadings, the record in the case and the consent of counsel represented below and the record in the case finds and concludes as follows:

1.      A petition under Chapter 11 of the United States Bankruptcy Code was filed with respect to the Debtor on March 20, 2017.

2.      Creditor filed the Motion on March 8, 2018 [Dkt. # 231].

3.      The Debtor and Creditor have agreed to resolve the treatment of the Claim of Creditor as well as the Motion by the terms of the Stipulation attached hereto as Exhibit "A".

Wherefore, the Motion is granted subject to the terms of the attached Stipulation.


CONSENTED TO:

/s/ Neil D Jonas
Neil D Jonas (N.C. Bar No. 31622)
Attorneys for Creditor
8757 Red Oak Blvd., Suite 150
Charlotte, NC 28217
Ph: (704) 369-0676
Fax: (704) 369-0760
ncbkr@brockandscott.com

/s/ J.M. Cook
J.M. Cook (N.C. Bar No. 25352)
Attorney for Debtor
5886 Faringdon Place, Suite 100
Raleigh, NC 27609
Ph: (919) 675-2411
Fax: (919) 882-1719
j.m.cook@jmcookesq.com


**END OF DOCUMENT**

Exhibit A

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

|  |  |
|---|---|
| **IN RE:**<br><br>**AUBREY L. MEADE, JR.**<br>**DEBTOR** | **CASE NO.  17-01360-5-DMW**<br><br>**CHAPTER 11** |

### STIPULATION FOR PLAN TREATMENT ON FIRST LIEN SECURED BY REAL PROPERTY AT 140 HATCHET DR, LOUISBURG, NC 27549

The Bank of New York Mellon as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2006-11, its assignees and/or successors, by and through its servicing agent Select Portfolio Servicing, Inc. ("Secured Creditor" herein) and Debtor, Aubrey L. Meade, Jr. ("Debtor" herein), by and through their attorneys of record, now enter into the below stipulation to resolve and agree to plan treatment of the real property commonly known as 140 Hatchet Dr, Louisburg, NC 27549.

### RECITALS

A. On 6/19/2006, Debtor, for valuable consideration, made, executed and delivered a Note secured by a First Deed of Trust both in the amount of $93,600.00 on the property commonly known as 140 Hatchet Dr, Louisburg, NC 27549 ("Subject Property").

B. On or about 3/20/2017, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Eastern District of North Carolina.

C. The parties have conferred and agreed upon the treatment of Secured Creditor's first lien secured by the Subject Property for purposes of Debtor's Chapter 11 Plan and those terms are reflected below.

### THE PARTIES HERETO STIPULATE AND AGREE AS FOLLOWS:

1. Secured Creditor will have a secured claim in the amount of $125,000.00 and an unsecured claim of approximately $6,745.94, and the unsecured claim will be reduced to $0 upon confirmation of the plan.

2. Debtor agrees to pay the secured claim amount of approximately $125,000 at a 5.25% fixed interest rate with payments calculated at a 360-month amortization schedule, with all amounts due upon the maturity date 7/1/2039.

3. All amounts still outstanding upon the maturity date under this agreement, including any deferred non-interest-bearing amount, will be due and owing in full on the maturity date 7/1/2039.

4. The principal and interest payment ("P&I" herein) under these agreed terms is approximately $690.25 per month. This amount is approximate, and the formal re-amortization under this agreement will be completed by Secured Creditor after successful confirmation of the Plan of Reorganization that incorporates same.

5. The loan will remain impounded for taxes and insurance on the Subject Property in accordance with the terms of the deed of trust and note. The current amounts due are taxes at $75.01 per month and insurance at $31.08 per month. Debtor is aware these amounts may fluctuate. Debtor also agrees to provide proof of insurance to Secured Creditor within 30 days upon request.

6. The first payment under this agreement is due 7/1/2018 in the approximate amount of $796.34 per month (principal and interest $690.25 + taxes $75.01 + insurance $31.08). Debtor agrees to make payments in this amount until the permanent loan adjustments are made and post confirmation mortgage statement is sent out reflecting the new loan terms and monthly payment amount. Debtor agrees to pay the amounts reflected in those statements.

7. Payments shall be made directly to Secured Creditor at Attn: Remittance Processing, P.O. Box 65450, Salt Lake City, UT 84165-0450, with reference to the last four digits of the Loan Number 1833, or as otherwise directed.

8. All post-petition escrow advances are included in the total principal balance due upon maturity. The payment required under this stipulation prior to confirmation does not include an escrow shortage payment. The escrow shortage will be calculated and added to the monthly payment after the permanent loan adjustments are made and post confirmation mortgage statement is sent out reflecting the new loan terms and monthly payment amount.

9. All other terms of the Deed of Trust and Note not directly altered by this agreement will remain in full force and effect.

10. Secured Creditor has relief from the automatic stay as to the Subject Property upon confirmation of Debtor's Chapter 11 Plan.

11. In the event of a default on payments to Secured Creditor under the terms of this stipulation prior to the entry of the confirmation order, Secured Creditor shall notify Debtor and Debtor's counsel of the default in writing.  Debtor shall have ten (10) calendar days from the date of the written notification to cure the default, and Debtor agrees to pay an additional $100.00 for attorney fees for each default occurrence.  If Debtor fails to cure the default, Secured Creditor may lodge a declaration of default and order terminating the automatic stay and include that the 14-day stay as provided in FRBP 4001(a)(3) is waived. Upon entry of the order the automatic stay shall be terminated and extinguished for purposes of allowing Secured Creditor to notice, proceed with, and hold a trustee's sale of the Subject Property, pursuant to applicable state law and without further Court Order or proceeding being necessary, including any action necessary to obtain complete possession of the Subject Property, including unlawful detainer.

12. In the event of a default on payments to Secured Creditor under the terms of this stipulation after the entry of the confirmation order, Secured Creditor shall may proceed pursuant to the terms of the underlying deed of trust and note, and state and federal law, to obtain complete possession of the Subject Property, including unlawful detainer, without further court order or proceeding being necessary.  Any and all default provisions included in Debtor's Chapter 11 plan are not applicable to Secured Creditor with regard to the Subject Property, and Secured Creditor is only bound by the terms included in this stipulation.

13. Debtor agrees to incorporate the above agreed terms of lien treatment into any and all existing and future proposed Chapter 11 Plans through either exact language or by attaching this stipulation as an exhibit to the plan, and if any terms in Debtor's Chapter 11 Plan conflict with the terms of this stipulation the terms of this stipulation will control.  In the event that Debtor's Chapter 11 Plan does not reflect the language of this stipulation, Debtor agrees that the stipulation terms will be incorporated into the confirmation order

through exact language, attachment of the stipulation as an exhibit to the confirmation order, or by reference in the confirmation order of the stipulation by document number.

14. Secured Creditor agrees to vote for Debtor's Chapter 11 Plan provided it Debtor has complied with all provisions of this stipulation.

15. If this instant Chapter 11 bankruptcy petition is dismissed and/or converted to another chapter under title 11, Secured Creditor's lien shall remain a valid secured lien for the full amount due under the original Promissory Note and all payments received under this agreement will be applied contractually under the original terms of the Deed of Trust and original Promissory Note.

IT IS SO STIPULATED:

Dated: July 19, 2018

/s/ J.M. Cook
J.M. Cook (N.C. Bar No. 25352)
Attorney for Debtor
5886 Faringdon Place, Suite 100
Raleigh, NC 27609
Ph: (919) 675-2411
Fax: (919) 882-1719
j.m.cook@jmcookesq.com

Dated: July 19, 2018

/s/ Neil D Jonas
Neil D Jonas (N.C. Bar No. 31622)
Attorneys for Creditor
8757 Red Oak Blvd., Suite 150
Charlotte, NC 28217
Ph: (704) 369-0676
Fax: (704) 369-0760
ncbkr@brockandscott.com