**SO ORDERED.**

**SIGNED this 19 day of May, 2020.**

_____

**David M. Warren**
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

IN RE:                                                                          CASE NO. 17-01360-5-DMW

AUBREY L. MEADE
                                                                                          CHAPTER 11
        DEBTOR

**ORDER REGARDING NOTICE OF NON-COMPLIANCE**

This matter comes before the court upon the Notice of Non-Compliance filed by U.S. Bank National Association, as trustee of the NRZ Pass-Through Trust X, as serviced by NewRez LLC, f/k/a New Penn Financial, LLC dba Shellpoint Mortgage Servicing ("U.S. Bank") on May 6, 2020. The court conducted a telephonic hearing on May 18, 2020. Pamela P. Keenan, Esq. appeared for U.S. Bank, and J.M. Cook, Esq. appeared for Aubrey L. Meade ("Debtor"). Based upon the case record and arguments of counsel, the court makes the following findings of fact and conclusions of law:

1.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) which the court has the authority to hear and determine pursuant to 28 U.S.C. § 157(b)(1). The court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334 and the General Order of Reference entered on August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2. The Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on March 20, 2017 and is operating under its Restated Plan of Reorganization ("Plan") confirmed by the court on September 25, 2019.

3. The Plan allows U.S. Bank, as the Class 22 creditor, a secured claim in the amount of $219,845.40 amortized over a period of 30 years and secured by a deed of trust lien encumbering real property located at 2414 Sledge Road, Louisburg, Franklin County, North Carolina ("Collateral"). The Plan provides that upon the Debtor's default of his repayment obligations, U.S. Bank will file a certificate of noncompliance with a proposed order terminating the automatic stay ("Default Provision").

4. On February 3, 2020, the court entered a Final Decree and closed the case.[1]

5. In accordance with the Default Provision, U.S. Bank filed the Notice of Non-Compliance with a proposed order ("Stay Order") granting relief the automatic stay to allow it to foreclose its interest in the Collateral.

6. Confirmation of a Chapter 11 plan vests all property of the estate in the debtor and terminates the stay of acts against property of the estate. *Biltmore Invs., Ltd. v. TD Bank, N.A.*, 626 F. App'x 390, 392 (4th Cir. 2015) (citing 11 U.S.C. §§ 362(c)(2) and 1141(b)). There is no stay in effect as to the Collateral, and U.S. Bank is free initiate foreclosure proceedings;[2] now therefore,

It is ORDERED, ADJUDGED, and DECREED that entry of the proposed Stay Order be, and hereby is, denied.

END OF DOCUMENT

---

[1] U.S. Bank did not move to reopen the case pursuant to 11 U.S.C. § 350(b).

[2] The Debtor has not yet received a discharge in the case; therefore, *in personam* actions against the Debtor for the Class 22 claim may be stayed if U.S. Bank exhausts its *in rem* remedies against the Collateral.